IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Vance Estes,<br><br>                             Plaintiff,<br><br>     v.<br><br>City of Chicago, Officer Jose Lopez, Chicago Police Department Officer, Star #11943, and Officer Strazzante, Star #8496,<br><br>                            Defendants. | No. 14-cv-1320<br><br>Hon. Edmond E. Chang<br><br>Mag. Judge Hon. Mary M. Rowland<br><br>Jury trial requested |

**SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and with leave of the Court, Plaintiff files this second amended complaint under 42 U.S.C. § 1983 against the City of Chicago and City of Chicago Police Officers Lopez and Strazzante.

**INTRODUCTION**

1. This civil-rights action arises from an incident of police brutality visited upon Estes by Officers Lopez and Strazzante on or about February 12, 2013. That night, the officers improperly detained Estes in an investigatory stop while he sat in his parked vehicle on a city street. The officers escalated the situation when Estes asked to speak with a supervisor and declined to fully open the windows to his vehicle until a supervisor arrived. Strazzante then broke the passenger window of Este's vehicle with his gun and dragged Estes from the vehicle. Lopez proceeded to punch Estes in the face, causing a severe laceration. The officers took Estes to the ground and left him handcuffed facedown on the street as they hit him several more times. After some time, the officers placed Estes in the back of their squad car and refused his requests

for medical attention, which eventually required hospitalization. Estes seeks compensatory damages for his out-of-pocket costs relating to the incident, his emotional distress, and his pain and suffering, as well as punitive damages.

## PARTIES, JURISDICTION, AND VENUE

2. Vance Estes is an individual residing in Chicago, Illinois.

3. Officer Jose Lopez, Star #11943, is an individual and a member of the Chicago Police Department.

4. Officer Strazzante, Star #8496, is an individual and a member of the Chicago Police Department. Officer Strazzante was identified in the First Amended Complaint as an "unknown and unnamed officer," and the Complaint made plain that this officer was Lopez's partner, Strazzante. Strazzante was involved in the same tortious occurrence described in the First Amended Complaint, knew or should have known that he was the "unknown and unnamed officer" in the First Amended Complaint, and will suffer no prejudice in his ability to defend this action by being named as a defendant now.

5. Defendant City of Chicago is an Illinois municipal corporation which is responsible for the policies, practices, and customs of the Chicago Police Department and which is or was the employer of the Defendant police officers. In the First Amended Complaint, the City was identified by the naming of Chicago Police Department Superintendent Garry McCarthy. The First Amended Complaint asserted a failure to supervise or train Chicago's police officers and specifically officers Lopez and Strazzante. The City knew or should have known that it was the entity responsible for the conduct cited in the First Amended Complaint, and the City will suffer no prejudice in its ability to defend this action by being named a defendant now.

6. Jurisdiction is based on 28 U.S.C. § 1331 and § 1343 because the claims in this action arise under the Constitution and laws of the United States and stem from a violation of Estes's civil rights. Jurisdiction over Estes's state-law claims is based on 28 U.S.C. § 1367(a) because the state-law claims arise from the same case or controversy as the federal-law claims.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because, on information and belief, Lopez and Strazzante are residents of this district and all of the events giving rise to this dispute occurred in this district.

## BACKGROUND

1. There was a previous incident involving Estes and Lopez; in the second half of 2011 or early 2012, Lopez pulled Estes over without cause as Estes drove his vehicle through the neighborhood where lived, near 91st and State Streets. Lopez immediately ordered him out of the car. Lopez and another officer then proceeded to conduct a search of the car before permitting Estes to go free.

2. On February 12, 2013, Estes was sitting in the driver's seat of different parked vehicle on or near the 9500 block of Wentworth Avenue in Chicago, Illinois. Estes had pulled the vehicle over to send a text message to his girlfriend.

3. Officers Lopez and Strazzante approached Estes's parked car in a squad car, and rapidly pulled the squad car to the side of the road in front of Estes's vehicle.

4. Strazzante approached Estes's vehicle on the driver's side, while Lopez approached the passenger window.

5. Strazzante attempted to open the driver's side door of the vehicle and both officers ordered Estes out of the vehicle.

6. Estes was scared for his safety. As such, he called out from inside the vehicle through a slightly cracked window to ask the reason for the stop and to request that Lopez and Strazzante call their supervisor.

7. Estes's request incensed Strazzante. Strazzante profanely ordered Estes from the car and drew his gun to point it at Estes.

8. Strazzante tapped the driver's side window with his gun and then used the gun to smash the glass, causing glass shards to fall into Estes's face and body.

9. Strazzante then reached into the vehicle to open the door and dragged Estes from the vehicle by his neck and clothing. Strazzante then forcefully pushed Estes up against the vehicle and held Estes's arms behind Estes's back. As he did so, Strazzante used offensive racial slurs towards Estes.

10. Lopez came around from the other side of the car. Lopez grabbed Estes around the neck, violently squeezed his Adam's apple, and then punched him in the face along Estes's right temple. The impact knocked Estes back into Strazzante. Strazzante pushed Estes away and caused him to fall on to his knees and then face first onto the ground.

11. The officers continued to punch and kick Estes as he lay on the ground. Lopez then pressed his knee into Estes's back and continued to punch Estes in the right side of his face. One of the officers placed handcuffs on Estes.

12. The officers then let Estes lay in the middle of the road for several minutes.

13. During the encounter, Estes recognized Lopez from the previous unlawful stop that he had performed on Estes in 2011 or 2012.

14. Additional police units and an ambulance arrived. Estes requested medical attention but his request was denied.

15. Lopez and Strazzante placed Estes in the squad car. While en route to the 6th precinct headquarters, the officers threatened Estes and told him that he must tell the police commander that he fell down accidentally. Lopez also told Estes that he "bleeds easy." The officers then pressed Estes for information relating to drug and gun dealers in the area, but Estes told the officers that he had no such information.

16. Once the squad car arrived at the 6th precinct, Estes then asked to speak with a supervisor so that he could file a complaint, but Estes's pleas were repeatedly ignored.

17. Estes was placed in a holding cell for an extended period of time despite continuing to bleed from the right side of his face.

18. Thereafter, Lopez and Strazzante came to the cell to speak with Estes and ordered him to clean up the wounds on his face. Strazzante used a mirror application on his cellular phone and gave Estes a wet napkin so that Estes could wipe away the dried blood on his face. Lopez and Strazzante told Estes that he would be charged with no crimes so long as he told other authorities that he had fallen by accident.

19. Estes was then taken to another area of the precinct where other police personnel took pictures of his facial injuries and fingerprinted him.

20. The staff members who took Estes's photos and fingerprints realized that Estes needed medical attention and Estes was then transmitted to Little Company of Mary Hospital in Evergreen Park, Illinois. Estes received multiple stitches to close the lacerations on his face, suffered a concussion, and had multiple bruises and abrasions on his face and body.

21. After receiving medical care, Estes was returned to the 6th precinct office and eventually charged.

22. As a result of this incident, Estes incurred medical expenses and endured significant pain and suffering. Estes also suffered from severe emotional distress from the incident.

23. The City of Chicago has a de facto policy of permitting its police officers to unlawfully seize citizens without reasonable suspicion and failed to properly train, supervise, discipline, transfer, monitor, counsel, and/or otherwise control police officers, particularly those who were repeatedly accused of excessive force and questionable tactics.

## Count One
### (42 U.S.C. § 1983 illegal seizure)

24. Estes re-alleges and incorporates all of the foregoing paragraphs as though fully set forth herein.

25. Officers Lopez and Strazzante seized Estes as he sat in his parked car without any reasonable suspicion that any wrongdoing had taken place.

26. Estes's right to be free from suspicionless and baseless seizures was clearly established when Lopez and Strazzante acted.

27. As a direct and proximate result of this violation of Estes's constitutional right to be free from arbitrary seizure, Estes suffered the injuries discussed above, including physical harm, emotional distress, and loss of liberty.

28. Lopez and Strazzante committed these acts willfully and with willful indifference to Estes's clearly established constitutional rights.

29. WHEREFORE, Estes respectfully requests that judgment be entered in his favor and against Lopez and Strazzante awarding Estes:

    a. actual and punitive damages;

    b. costs and attorneys' fees incurred in bringing this action; and

6

      c.      such other relief as this Court deems proper and just

## Count II
### (42 U.S.C. § 1983 excessive force)

30.      Estes re-alleges and incorporates all of the foregoing paragraphs as though fully set forth herein.

31.      Following Lopez and Strazzante's unlawful seizure of Estes, Strazzante and Lopez acted with an unreasonable amount of force in completing the arrest of Estes.

32.      For example, Strazzante's violent breaking of the driver's side window in Estes's vehicle, followed by Strazzante violently pulling Estes from the vehicle and slamming him up against it was unreasonable.

33.      In addition, Lopez's blow to Estes's face as he was secured by Strazzante was unreasonable.

34.      Morever, the actions of both officers in punching and kicking Estes while he was handcuffed on the ground were unreasonable.

35.      The right to be free from excessive force was clearly established when the officers acted.

36.      As a direct and proximate result of this violation of Estes's constitutional right to be free from excessive force, Estes suffered the injuries discussed above, including physical harm, emotional distress, and loss of liberty.

37.      Lopez and Strazzante committed these acts willfully and with willful indifference to Estes's clearly established constitutional rights.

38.      WHEREFORE, Estes respectfully requests that judgment be entered in his favor and against Lopez and Strazzante awarding Estes:

      a.      actual and punitive damages;

  b.  costs and attorneys' fees incurred in bringing this action; and

  c.  such other relief as this Court deems proper and just.

## Count III
### (42 U.S.C. § 1983 unreasonable failure to provide medical care)

39. Estes re-alleges and incorporates all of the foregoing paragraphs as though fully set forth herein.

40. Following Lopez and Strazzante's unlawful seizure of and excessive force towards Estes, Strazzante and Lopez unreasonably denied Estes access to the medical care he sought.

41. Estes made several requests for medical care, both on the scene, while in the officers' squad car, and while at the precinct.

42. An arresting officer's duty to act reasonably in rendering medical care to arrestees was clearly established when the officers acted.

43. As a direct and proximate result of this violation of Estes's constitutional right to receive medical care following an arrest, Estes suffered the injuries discussed above, including physical harm, emotional distress, and loss of liberty.

44. Lopez and Strazzante committed these acts willfully and with willful indifference to Estes's clearly established constitutional rights.

45. WHEREFORE, Estes respectfully requests that judgment be entered in his favor and against Lopez and Strazzante awarding Estes:

  a.  actual and punitive damages;

  b.  costs and attorneys' fees incurred in bringing this action; and

  c.  such other relief as this Court deems proper.

## Count IV
### (42 U.S.C. § 1985 conspiracy to deprive Estes his civil rights)

46. Estes re-alleges and incorporates all of the foregoing paragraphs as though fully set forth herein.

47. The officers agreed among themselves and with other individuals to act in concert in order to deprive Estes of his constitutional rights, including his right to be free from unreasonable seizures and excessive force, and his right to receive reasonable medical care while in custody.

48. In furtherance of this conspiracy, each of the coconspirators engaged in numerous overt acts as set forth above, including the smashing of Estes's window, the excessive force visited upon him, and the refusal to provide medical care.

49. Lopez and Strazzante committed these acts willfully and with willful indifference to Estes's clearly established constitutional rights.

50. WHEREFORE, Estes respectfully requests that judgment be entered in his favor and against Lopez and Strazzante awarding Estes:

    a. actual and punitive damages;

    b. costs and attorneys' fees incurred in bringing this action; and

    c. such other relief as this Court deems proper.

## Count V
### (42 U.S.C. § 1983 *Monell* Policy Claim against City of Chicago)

51. Estes re-alleges and incorporates all of the foregoing paragraphs as though fully set forth herein.

9

52. The actions of Lopez and Strazzante alleged above were done pursuant to one or more interrelated de facto policies, practices, and/or customs of the City of Chicago and its police department.

53. At all times material to this action, the City of Chicago and its police department had interrelated de facto policies, practices, and customs, which included the failure to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who had previously been accused of wrongful seizures or excessive force.

54. These policies, practices, and customs, as set forth above, were maintained with deliberate indifference, and encouraged the aggressive policing behavior of Lopez and Strazzante and were a direct and proximate cause of the unconstitutional acts committed by the officers and suffered by Estes.

55. WHEREFORE, Estes respectfully requests that judgment be entered in his favor and against the City of Chicago awarding Estes:

    a. compensatory damages;

    b. costs and attorneys' fees incurred in bringing this action; and

56. such other relief as this Court deems proper.

## Count VI
### (State-law intentional infliction of emotional distress)

57. Estes re-alleges and incorporates all of the foregoing paragraphs as though fully set forth herein.

58. The intentional conduct of Lopez and Strazzante discussed above was extreme and outrageous and caused Estes severe emotional distress.

59. WHEREFORE, Estes respectfully requests that judgment be entered in his favor and against Lopez and Strazzante awarding Estes:

      c.      actual and punitive damages;

      d.      costs and attorneys' fees incurred in bringing this action; and

      e.      such other relief as this Court deems proper.

## Count VII
### (State-law conspiracy)

60.    Estes re-alleges and incorporates all of the foregoing paragraphs as though fully set forth herein.

61.    The officers reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired between themselves to falsely seize, to use excessive force, to unreasonably deny medical attention, and to intentionally inflict severe emotional distress on Estes.

62.    In furtherance of this conspiracy, the defendants committed numerous overt acts as detailed above.

63.    The officers' acts, which were committed jointly and/or while conspiring together to violate the constitutional and state-law rights of Estes, constitute a tortious conspiracy under Illinois law.

64.    WHEREFORE, Estes respectfully requests that judgment be entered in his favor and against Lopez and Strazzante awarding Estes:

      f.      actual and punitive damages;

      g.      costs and attorneys' fees incurred in bringing this action; and

      h.      such other relief as this Court deems proper

Dated:  June 29, 2015 　　　　　　　　　　　　Vance Estes


　　　　　　　　　　　　　　　　　　　　　　By:/s/Andrew M. Meerkins
　　　　　　　　　　　　　　　　　　　　　　　　One of His Attorneys

Michael P. Conway
Andrew M. Meerkins
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 704-7700
Fax:    (312) 558-1195
mconway@shb.com
ameerkins@shb.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 29, 2015, he caused a true and correct copy of **PLAINTIFF VANCE ESTES'S SECOND AMENDED COMPLAINT** was served via the U.S. District Court CM/ECF e-filing system on June 29, 2015, upon the following:

>Jessica L. Griff
>Raoul Vertick Mowatt
>City of Chicago Department of Law
>30 N. Lasalle St.
>Suite 900
>Chicago, IL 60602
>jessica.griff@cityofchicago.org
>raoul.mowatt@cityofchicago.org

>/s/ Andrew M. Meerkins
>Andrew M. Meerkins