UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANCE ESTES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 01320 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CITY OF CHICAGO, JOSE LOPEZ, and | ) | |
| OFFICER STRAZZANTE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

With regard to the remaining issues in the motions to dismiss [62, 65], the Court decides as follows:

1. On the 42 U.S.C. § 1985(3) race-conspiracy claim, the allegation relied on by Plaintiff Vance Estes is Paragraph 9 of the Second Amended Complaint. R. 53 ¶ 9 (the numbering is to the paragraph numbering starting on page 3, where the numbering starts from 1 again). Estes alleges that Officer Strazzante used racial slurs while pushing Estes up against Estes's car and while holding his arms behind his back. *Id.* That paragraph certainly suffices to allege a racial motivation by Strazzante, but there is no factual allegation from which to infer Officer Lopez had a racial motive for his actions. To be sure, as described in-court on August 10, 2015 and summarized in R. 67, the concerted action gives rise to a plausible inference of an implied agreement as to the false arrest, excessive force, and tortious conduct, but lassoing Lopez into the racial motivation based on that single allegation against Strazzante is not enough. The dismissal is without prejudice, in the event that Estes can develop some additional allegation in discovery or otherwise. (It is worth noting too that Estes ought to consider the strategic and practical implications of pursuing a weak § 1985(3) claim that would add little or nothing to damages; is not needed to introduce the racial-slur evidence against Strazzante; and would only add a complication to summary judgment briefing (if one is filed) and trial.)

2. On the state-law conspiracy claim, as discussed in-court on August 10, 2015 and summarized in R. 67, the claim does survive as premised on the state-law claim for intentional infliction of emotional distress. But any federal-liability theories are not a permissible basis for a state-law conspiracy claim.

3. On the *Monell* claim, Estes relies on an alleged prior incident, around one year or so before the events in this case, when Lopez allegedly stopped Estes in the same neighborhood for no reason and searched Estes's car. R. 53 ¶ 1. But that adds nothing to the *Monell* claim, which must be premised (as applicable here) to a custom or practice that is so entrenched or widespread that it in effect has the force of law and is the moving force behind the constitutional violation. Estes says he needs or wants discovery to uncover disciplinary or training problems—but he can do so without the *Monell* claim. The limit is that he may take discovery as to *Lopez* and *Strazzante*, not wholesale discovery on the City. *If* that discovery gives him an additional premise for wider discovery, then he continue to pursue the premises for another proposed amended complaint from the bottom-up, and then possibly he could allege a *Monell* claim. But what he has alleged now is nothing more than the legal conclusions of the claim, basically restating the elements of a *Monell* claim, so the claim is dismissed without prejudice. (Estes would still face the statute of limitations argument already advanced by the City, but the Court need not decide that issue now.)

In sum, when combined with R. 53 and the in-court explanation, the individual Defendants' motion to dismiss [62] is granted in part and denied in part, and the City's motion to dismiss [65] the *Monell* claim is granted.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: October 9, 2015